# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SEAN P. FLANAGAN, BAR NO. 5304.

No. 74569

FILED

MAR 09 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Sean Flanagan. Under the agreement, Flanagan admitted to violations of RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 5.5 (unauthorized practice of law), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct) in exchange for a six-month suspension commencing from the date of this court's order followed by a three-year probationary period.

Flanagan admitted that he misappropriated client funds when he accepted settlement checks totaling $35,000 on behalf of a client and transferred the funds from his trust account to his operating account to cover personal and business expenses without distributing the portion of the settlement funds owed to the client and her medical providers. Flanagan also admitted that he made misrepresentations to the client about the status of the settlement funds and deposited a check in her account for which he did not have sufficient funds before borrowing money from a family member to pay the client. Flanagan further admitted that when he first began representing the client, he was subject to an administrative suspension for failing to complete required continuing legal education and therefore engaged in the unauthorized practice of law.

18-09334

Because this matter arises from a conditional guilty plea agreement, the sole issue before this court is whether the agreed-upon discipline is sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession, *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Flanagan violated duties owed to his client (communication and safekeeping property) and duties owed as a professional (unauthorized practice, bar admission and disciplinary matters, and misconduct). He did so with knowledge and caused injury or potential injury to a client and to the legal profession. For the most serious instance of misconduct—misappropriating client property, Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2015) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is disbarment. *Id.* Standard 4.11 ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."). Here, the mitigating circumstances warrant a suspension with a lengthy probationary period rather than disbarment, which in Nevada is permanent, SCR 102(1). In particular, the parties and the hearing panel agreed that personal or emotional problems, timely good faith effort to make restitution or rectify the consequences of the misconduct, and remorse mitigated the misconduct. *See* SCR 102.5(2). And although Flanagan has

substantial experience in the practice of law, he has only one prior disciplinary offense and it did not involve similar misconduct. Considering all of the relevant factors, we conclude that a six-month suspension followed by a three-year probationary period with the agreed-upon conditions, which are focused on protecting the public from further similar misconduct, are sufficient to serve the purpose of attorney discipline in this matter. We therefore approve the conditional guilty plea agreement as modified during the formal hearing and reflected in the hearing panel's written recommendation.

Accordingly, we suspend attorney Sean P. Flanagan from the practice of law in Nevada for a period of six months commencing from the date of this order. At the end of the suspension period, Flanagan shall be on probation for a period of three years subject to the following conditions: (1) that Flanagan obtain a mentor approved by the State Bar within three months after the suspension period ends and submit at least twelve quarterly reports thereafter and additional reports more frequently if deemed necessary; (2) that Flanagan have an evaluation through the Nevada Lawyer's Assistance Program and follow the recommendations of the evaluation during his suspension and probation; (3) that Flanagan submit to five random drug and alcohol tests a year during his probation; (4) that Flanagan not receive any discipline as defined in SCR 105 and that any grievance for which a screening panel determines a formal hearing is warranted will be considered a breach of his probation; and (5) that Flanagan's failure to comply with any of the conditions during the probationary period will be considered a breach of his probation for which the hearing panel will be convened, with ad hoc replacements for any unavailable member, to determine whether a breach of probation has

occurred and, if so, the appropriate discipline.[1]  Finally, Flanagan shall pay $2,500 in administrative costs as provided by SCR 120(3), plus the actual costs of the disciplinary proceeding as authorized by SCR 120(1) and set forth in the State Bar's memorandum of costs within 30 days from the date of this order, if he has not already done so.  The parties shall comply with SCR 115 and 121.1.

It is so ORDERED.



_____Douglas_____, C.J.
Douglas

_____Cherry_____, J.
Cherry

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
Hardesty

_____Stiglich_____, J.
Stiglich

cc:  Chair, Southern Nevada Disciplinary Board
Sean P. Flanagan
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director
Perry Thompson, Admissions Office, U.S. Supreme Court

---

[1]Flanagan has agreed to waive the 30-day notice requirement under SCR 105(2)(d) for any hearing to determine whether he has breached his probation and, if so, what discipline is warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A